IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEN LAFFIN, DAVID WANTA, and REBECCA BURGWIN, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FOOTBALL LEAGUE, COWBOYS STADIUM, G.P., LLC, COWBOYS STADIUM, L.P., DALLAS COWBOYS FOOTBALL CLUB, LTD., and JWJ CORPORATION, <br><br> Defendants. | CIVIL ACTION NO. 3:11-CV-0345-M <br><br> (Consolidated with Civil Action No. 3:11-CV-248) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand [No. 3:11-CV-345-M, Docket Entry #5]. On March 23, 2011, the Court held a hearing on Plaintiffs' Motion. For the reasons stated on the record and below, the Motion is **DENIED**.

I. BACKGROUND AND PROCEDURAL HISTORY

On February 6, 2011, Defendants allegedly denied, relocated, or delayed the seating of over 2000 Super Bowl XLV ticket holders. On February 9, 2011, several affected ticketholders filed a class action lawsuit against the National Football League ("NFL"), Dallas Cowboys Football Club, and various associated entities, in the District Court of Dallas County, Texas, alleging fraud, breach of contract, fraudulent inducement, negligence, negligent misrepresentation, and attorney's fees. On February 18, 2011, Defendants removed the class action to this Court, specifically alleging that the amount in controversy exceeded $5,000,000. Plaintiffs moved to remand.

## II. STANDARD

The Class Action Fairness Act ("CAFA") extends original jurisdiction to federal courts for class action lawsuits where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties (i.e., at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the principal defendants are not states, state officials, or other governmental entities.[1]

CAFA did not eliminate the removing party's burden of establishing federal jurisdiction.[2] However, once federal jurisdiction under CAFA is established, the burden shifts to the objecting party to prove by a preponderance of the evidence any jurisdictional exceptions.[3] It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the requirement.[4]

First, a court can determine that removal was proper if it is facially apparent that the claims are likely more than the jurisdictional amount.[5] If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount. In situations where the facially apparent test is not met, the district court can then consider summary-judgment-type evidence, relevant to the amount in controversy at the time of removal. Finally, under any

---

[1] 28 U.S.C. § 1332(d)(2), (5). *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 711 n. 47 (5th Cir. 2008).
[2] *Joseph v. Unitrin, Inc.*, No. 1:08-cv-077, 2008 WL 3822938, at *4 (E.D. Tex. Aug. 12, 2008) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 n. 3 (11th Cir. 2006)).
[3] *Joseph*, 2008 WL 3822938, at *4 (citing *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 797 (5th Cir. 2007)).
[4] *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc. ("Preston I")*, 485 F.3d 793, 797 (5th Cir. 2007); *Frazier v. Pioneer Americas, L.L.C.*, 455 F.3d 542, 546 (5th Cir. 2006).
[5] *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (holding, in part, that remand was proper where the amount was not otherwise "facially apparent").

manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-removal affidavits are allowable only if relevant to the time of removal.[6]

If a removing defendant shows by a preponderance of the evidence that the amount in controversy exceeds the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount.[7]

### III. ANALYSIS

At issue here is whether Defendants have proven by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. In support of removal, Defendants provide a post-removal declaration, which establishes the face value of the relevant Super Bowl tickets and approximate number of affected ticket holders in the putative class:

|  | Number in Putative Class | Face Value of Putative Class Member's Ticket |
|---|---|---|
| **Displaced Class** | 475 | $800.00 |
| **Relocated/Delayed Class** | 901 | $600.00 |
| **Relocated/Delayed Class** | 1063 | $800.00 |
| **Relocated/Delayed Class** | 857 | $900.00 |

The Laffin Plaintiffs contend, without evidence, that the approximate number in the putative class is speculative, given that many class members have already settled with Defendants. However, the NFL sent information packets, containing settlement offers, on February 16, 2011. On February 18, 2011, Defendants filed their notice of removal. Therefore, as of the time of removal, it is unlikely that a significant number, if any, of putative class members settled with Defendants. Assuming potential consequential damages for displaced, relocated, and delayed class members include *at least* the face value of their Super Bowl tickets,

---

[6] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[7] *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

the calculation for the approximate amount in controversy starts at $2,542,300, assuming, although it is unlikely, that no class members paid more than face value for their tickets.[8] Further, that number does not include any costs for travel, hotel, and restaurant expenses, which are likely recoverable if Plaintiffs prevail.

Further, the Court may also consider punitive damages for purposes of determining the amount in controversy.[9] In Texas, punitive damages are limited to the greater of: (1)(A) two times the amount of economic damages; plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000.[10] Here, given a base calculation of economic damages of $2,542,300, plus punitive damages of at least that amount, plus reasonable, and conservative attorney's fees of 20% (roughly $1,000,000), Defendants have established by a preponderance of the evidence that the amount in controversy is over $5,000,000. Plaintiffs have not shown by a legal certainty that they will not recover the jurisdictional amount, and the amount in controversy is satisfied.

## IV. CONCLUSION

For the reasons stated herein, as elaborated upon on the record on March 23, 2011, Plaintiffs' Motion to Remand is **DENIED**.

**SO ORDERED.**

April 12, 2011.

*Barbara M. G. Lynn*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

[8] The calculation derives from multiplying the number in the putative class by the face value of the ticket ((475 X $800) + (901 X $600) + (1063 X $800) + (857 X $900) = $2,542,300).
[9] Because Plaintiffs allege fraud, they may be entitled to punitive damages. Tex. Civ. Prac. & Rem. § 41.003 (exemplary or punitive damages may be awarded "if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from. . . fraud . . ."). *See also Watson v. Shell Oil Co.*, 979 F.2d 1014, 1021 (5th Cir. 1992) ("Finally, when a claim includes compensatory and punitive damages, both must be considered in determining the amount in controversy.").
[10] Tex. Civ. Prac. & Rem. § 41.008.